MEGHAN MCMEEL (SBN 284841)
mmcmeel@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

KATHRYN DOUGLASS (*pro hac vice* pending)
kdouglass@crowell.com
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
Telephone: 303.524.8660
Facsimile: 303.524.8650

JOHN E. MCCARTHY JR. (*pro hac vice* pending)
jmccarthy@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Plaintiffs ASISTA IMMIGRATION ASSISTANCE, INC. and IMMIGRANT LEGAL RESOURCE CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASISTA IMMIGRATION ASSISTANCE, INC., and IMMIGRANT LEGAL RESOURCE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Case No.: 3:26-cv-3454<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs ASISTA Immigration Assistance, Inc. (“ASISTA”) and Immigrant Legal Resource Center, (“ILRC” and together with ASISTA, “Plaintiffs”), bring this action pursuant to the Freedom of Information Act (“FOIA”), 5. U.S.C. § 552 *et seq.*, against Defendants U.S. Citizenship and Immigration Services (“USCIS”) and U.S. Immigration and Customs Enforcement (“ICE” and collectively with USCIS, “Defendants”) for declaratory, injunctive, and other appropriate relief to compel USCIS and ICE to disclose records wrongfully withheld in response to Plaintiffs’ FOIA requests.

## NATURE OF ACTION

1. This action relates to four FOIA requests the Plaintiffs submitted to USCIS, and one FOIA request submitted to ICE, regarding U-Visa criteria for qualifying criminal activity and related issues. To date, USCIS and ICE have either failed to provide records or determinations as required by FOIA in response to Plaintiffs’ FOIA requests or failed to conduct an adequate search for such records.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Plaintiff ILRC has its principal place of business in this district. Venue is thus proper pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Divisional Assignment. Assignment to the San Francisco/Oakland Division is property under Civil L.R. 3-2(c) because the ILRC is headquartered in San Francisco and Defendants are government agencies.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

6. This court has authority to award reasonable costs and attorneys’ fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. ASISTA is a national nonprofit organization that works to advance and protect the rights of immigrant survivors of violence and is incorporated in Polk County, Iowa. ILRC is a

national nonprofit organization that provides legal trainings, educational materials, and advocacy to advance immigrant rights. ILRC is headquartered in San Francisco, California and also has offices in Washington, DC and Texas. ASISTA and ILRC are each considered a "person" within the meaning of 5 U.S.C. § 551(2).

8. USCIS is a component of the Department of Homeland Security and is charged with processing and adjudicating U-Visa applications. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). USCIS has custody and control of the requested records, for the requests directed to USCIS.

9. ICE is a component of Department of Homeland Security and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE has custody and control of the requested records, for the FOIA request directed to ICE.

## STATEMENT OF FACTS

### I. Overview of U-Visa Qualifying Criminal Activity

10. Congress created U-Visas in the Battered Immigrant Women Protection Act of the Violence Against Women Act of 2000, which is found within the Victims of Trafficking and Violence Protection Act of 2000. Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(b), 114 Stat. 1464, 1534-35 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)).

11. Immigrant survivors of crime in the United States may be granted U-Visas or U nonimmigrant status if they can establish certain statutory and regulatory requirements. Among these is that the crime suffered be one "involving one or more" of the crimes in an enumerated statutory list, "or any similar activity in violation of Federal, State, or local criminal law." 8 U.S.C. § 1011(a)(15)(U)(iii).

12. By USCIS regulation, the unlawful "similar activity" will constitute a "[q]ualifying crime or qualifying criminal activity" if "the nature and elements of the offense[] are substantially similar to the statutorily enumerated list of criminal activities." 8 C.F.R. § 214.14(a)(9).

13. USCIS published a Policy Manual, which has multiple entries regarding its

interpretation of the U-Visa statute and regulations. However, apart from a general summary of the regulatory requirements in a law enforcement educational tool called the U Visa Enforcement Resource Guide, there is no public-facing information explaining how USCIS interprets the regulations or otherwise goes through the analysis as to whether a crime is "qualifying" for U-Visa purposes. There are also no known public-facing policy memoranda or other guidance on the subject.

## II. USCIS Policies, Communications, and Training FOIA Requests

14. On October 4, 2024, Plaintiffs submitted a FOIA Request to USCIS (hereinafter referred to as the "Policies FOIA Request") seeking any and all records issued, used by USCIS, or in effect, between September 1, 2019 and the date of the records search, that contain the following information (Exhibit A):

(1) policies, procedures, protocols, analyses, evaluations, or approaches for deciding whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involve[es]" "qualifying criminal activity;"

(2) policies, procedures, protocols, analyses, evaluations, or approaches for deciding whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status satisfies the statutory criteria at INA § 101(a)(15)(U)(iii);

(3) policies, procedures, protocols, analyses, evaluations, or approaches for deciding whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involve[es]" activity that is "similar" or "substantially similar" to a "qualifying criminal activity;"

(4) policies, procedures, protocols, analyses, evaluations, or approaches for deciding whether a statute cited as underlying a Form I-918, Petition for U Nonimmigrant Status, constitutes a federal, state, or local jurisdiction's "statutory equivalent" of a "qualifying criminal activity;"

(5) policies, procedures, protocols, analyses, evaluations, or approaches for deciding whether a "certifying agency" "investigat[ed] or prosecut[ed]" a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status, even where that qualifying criminal activity is not listed in any or all of the certifying agency's records as having been formally investigated, charged, prosecuted, or otherwise legally pursued;

(6) policies or procedures for determining when to use the approach described in Item 3 above instead of the approach described in Item 5 above, and vice versa; and

(7) policies, procedures, protocols, analyses, evaluations, or approaches regarding the circumstances under which the agency should conclude that the detection of a

> "qualifying criminal activity" against a petitioner for U Nonimmigrant Status was merely "hypothetical" or would require the agency to "speculate" about what was detected or investigated.

15. On October 9, 2024, USCIS acknowledged the Policies FOIA Request, granted Plaintiffs' fee waiver request, invoked the ten-day extension to respond, and assigned it control number COW2024007370 (Exhibit B).

16. On October 4, 2024, Plaintiffs submitted a FOIA Request (hereinafter referred to as the "Training FOIA Request") seeking any and all records issued, in effect, or used by USCIS between September 1, 2019 and the date of the records search to notify, train, and/or instruct individuals (whether or not such individuals are USCIS employees) regarding (Exhibit C):

(1) whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involve[es]" "qualifying criminal activity;"

(2) whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involve[es]" activity that is "similar" or "substantially similar" to a "qualifying criminal activity;"

(3) whether a statute cited as underlying a Form I-918, Petition for U Nonimmigrant Status, constitutes a federal, state, or local jurisdiction's "statutory equivalent" of a "qualifying criminal activity;"

(4) whether a crime underlying a Form I-918 Petition for U Nonimmigrant Status satisfies the statutory criteria at INA § 101(a)(15)(U)(iii),

(5) whether a "certifying agency" "investigat[ed] or prosecut[ed]" a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status, even where that qualifying criminal activity is not listed in any or all of the certifying agency's records as having been *formally* investigated, charged, prosecuted, or otherwise legally pursued.

(6) when to use the approach described in Item 2 above instead of the approach described in Item 5 above, and vice versa; and

(7) whether the agency should conclude that the detection of a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status was merely "hypothetical." or would require the agency to "speculate" about what was detected or investigated.

17. USCIS acknowledged the Training FOIA Request on October 9, 2024, granted Plaintiffs' fee waiver request, invoked the ten-day extension to respond, and assigned it control number COW2024007366 (Exhibit D).

18. On November 12, 2024, Plaintiffs submitted a FOIA Request to USCIS

(hereinafter referred to as the "Communications FOIA Request"), seeking copies of communications authored, disseminated, or received by supervisory immigration services officers between September 1, 2019 and the date of the records search, in the course of reviewing an intended denial of Form I-918, regarding how to determine whether (Exhibit E):

(1) a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involve[es]" "qualifying criminal activity;"

(2) a crime underlying a Form I-918 Petition for U Nonimmigrant Status satisfies the statutory criteria at INA § 101(a)(15)(U)(iii);

(3) a crime underlying a Form I-918 Petition for U Nonimmigrant Status "involv[es]" activity that is "similar" or "substantially similar" to a "qualifying criminal activity;"

(4) a statute cited as underlying a Form I-918, Petition for U Nonimmigrant Status, constitutes a federal, state, or local jurisdiction's "statutory equivalent" of a "qualifying criminal activity;"

(5) a "certifying agency" "investigat[ed] or prosecut[ed]" a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status, even where that qualifying criminal activity is not listed in any or all of the certifying agency's records as having been *formally* investigated, charged, prosecuted, or otherwise legally pursued;

(6) to use the approach described in Item 3 above instead of the approach described in Item 5 above, and vice versa; and

(7) the agency should conclude that the detection of a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status was merely "hypothetical" or would require the agency to "speculate" about what was detected or investigated.

19. On November 14, 2024, USCIS sent a letter acknowledging the Communications FOIA Request, granted Plaintiffs' fee waiver request, invoked the ten-day extension to respond, and assigned it Control Number COW2024008298 (Exhibit F).

20. On February 5 and 6, 2026, USCIS informed Plaintiffs that it would administratively close Plaintiffs' FOIA Requests if Plaintiff did not inform USCIS within thirty business days that Plaintiffs were still interested in the records sought in their requests. Plaintiffs informed USCIS on February 23, 2026, that they are still interested in receiving records responsive to their requests.

21. FOIA requires an agency to respond to a FOIA request within twenty business

days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). An agency may extend this twenty-day time period only upon written notice of "unusual circumstances," and then for no longer than ten days. 5 U.S.C. § 552(a)(6)(B). USCIS received Plaintiffs' FOIA requests more than seventeen months ago. To date, USCIS has failed to make the requested records available to Plaintiffs or make the required determinations in response to the Policies, Communications, and Training FOIA Requests as required by 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(3)(A).

22. Administrative remedies are constructively exhausted when the agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(" Any person making a request to any agency for records under paragraphs (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."). Plaintiffs have exhausted administrative remedies with respect to the Policies, Communications, and Training FOIA Requests within the meaning of 5 U.S.C. § 552(a)(6)(C)(i).

## III. USCIS and ICE Specific Training Material FOIA Requests

23. On October 4, 2024, Plaintiffs submitted a FOIA Request to USCIS regarding specific training material (hereinafter referred to as the "Specific Training Material FOIA Request") requesting (Exhibit G):

(1) The records referred to in the Instructor note on Slide 14 in the "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility ("I-918/I-918A Instructor Guide"). Specifically, the Instructor note refers to "Federal Register handout Vol. 72 No 179" and "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."

(2) The records referenced on Slide 16 of the I-918/I-918 Instructor Guide including, but not limited to, the full-size and, if applicable, interactive "U.S. Map with Resource Links." Slide 16 specifically states VSC ECN>Humanitarian Family 1>Reference Information.>US Map with resource links, and with the link, at that time, of "https://ecn.uscis.dhs.gov/team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAccess.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20Information/US%20Map%20with%20resource%20links.vdw."

24. USCIS acknowledged the Specific Training Material FOIA Request on October 9, 2024 and assigned it Control Number COW2024007364. In this acknowledgment letter, USCIS

also advised Plaintiffs that the requested Federal Register handout Vol. 72 No 179 is available online and provided the link (Exhibit H).

25. On October 10, 2024 USCIS sent a letter stating that the Specific Training Material FOIA Request for the "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools" was not under the purview of USCIS and referred this portion of the request to ICE for consideration and direct reply to Plaintiffs (hereinafter referred to as the "ICE Referral") (Exhibit I).

26. On November 22, 2024, Plaintiffs contacted the ICE FOIA office to inquire about the status of USCIS's ICE Referral. ICE's FOIA Office informed Plaintiffs that it did not have any record of the referral.

27. On December 9, 2024, Plaintiffs submitted a FOIA request to ICE seeking the same records USCIS referred to ICE in the ICE Referral ("ICE FOIA Request"). Specifically, the request sought "A copy of the ICE records that are referred to in the Instructor note on Slide 14 in the I-918/I-918A Instructor Guide. Specifically, the Instructor note refers to 'State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools.'" (Exhibit J).

28. ICE assigned the December 9, 2024 FOIA Request Case Number 2025-ICFO-09708 and referred the request to USCIS for processing and response (Exhibit K).

29. USCIS responded to ICE's referral of ICE FOIA Request on December 20, 2024. USCIS denied the request and stating that it conducted a search of the I-918/I-918A Instructor Guide and found that the Instructor Note on Slide 14 had flat text with no attached link, document, or record associated with the note and therefore found no records responsive to the request ("USCIS State Criminal Code Chart Denial") (Exhibit L).

30. On March 4, 2025, Plaintiffs submitted administrative appeals to USCIS and ICE regarding USCIS' referral to ICE, ICE's referral to USCIS, and USCIS' State Criminal Code Chart Denial. Plaintiffs challenged the adequacy of the agencies search in response to the FOIA requests and cross-referrals as improper withholding (Exhibit M).

31. ICE responded to the FOIA appeal on April 28, 2025, stating that it conducted a search of the ICE Office of Principal Legal Advisor for responsive records and none were found

(Exhibit N).

32. On February 12, 2026, USCIS responded, denying the appeal. USCIS stated that the records are not under the purview of USCIS and suggested that Plaintiffs contact ICE (Exhibit O).

33. FOIA requires agencies to conduct a reasonable search for records. Neither USCIS nor ICE have conducted a reasonable search for records as required by 5 U.S.C. § 552(a)(3)(C) and (D) and each is improperly withholding agency records.

34. To date, USCIS has also failed to provide any records or determinations regarding Plaintiffs' second request in Specific Training Material FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

35. Plaintiffs have constructively exhausted their administrative remedies as to the second request in the Specific Training Material FOIA Request as required by 5 U.S.C. § 552(a)(6)(C)(i) and have exhausted their administrative remedies as to the ICE FOIA Request and first request in the Specific Training Material FOIA Request.

36. ICE and USCIS are improperly withholding the requested records in violation of the FOIA.

## CLAIMS

### COUNT I: FAILURE TO MAKE A TIMELY DETERMINATION AND DISCLOSE AND RELEASE RESPONSIVE RECORDS

37. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

38. Plaintiffs properly submitted FOIA requests on October 4, 2024 and November 12, 2024.

39. Plaintiffs have no correspondence from USCIS which contains either a determination or responsive records required by 5 U.S.C. § 552(a)(6)(A)(i) in response to the Policies, Training, and Communications FOIA Requests and second request of the Specific Training Material FOIA Request.

40. On information and belief, USCIS has failed to conduct a reasonable search for records and promptly

41. On information and belief, USCIS has failed to conduct a reasonable search for records and promptly disclose such records to Plaintiffs as required by 5 U.S.C. §§ 552(a)(3)(A),(C) and (D).

42. USCIS' failure to either respond with a determination or disclose responsive records to these requests within the time limits mandated by FOIA is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Homeland Security's regulations thereunder.

## COUNT II: FAILURE TO CONDUCT AN ADEQUATE SEARCH AND PROMPTLY RELEASE RECORDS

43. Plaintiffs reallege and incorporate by reference the preceding paragraphs.

44. Defendants ICE and USCIS are agencies within the meaning of FOIA and therefore subject to FOIA. As such, they were required to conduct a reasonable search for requested records.

45. Upon information and belief, Defendants have in their possession records responsive to Plaintiffs' ICE FOIA Request and Specific Training Material FOIA Request. Plaintiffs have a statutory right to have USCIS and ICE process the FOIA requests in a manner that complies with FOIA. 5 U.S.C. 552(a)(3). Defendants have violated and remain in violation of Plaintiffs' rights under FOIA by failing to conduct a search for records reasonably likely to uncover responsive records in response to the Specific Training Material FOIA Request and ICE FOIA Request in violation of 5 U.S.C. § 552(a)(3)(C) and (D), and any applicable regulations promulgated thereunder.

46. Defendants are also unlawfully delaying and improperly withholding records in violation of 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants USCIS and ICE and that this Court:

A. Declare that Defendants USCIS and ICE wrongfully withheld requested agency records;

B. Order Defendants to immediately and expeditiously search for and disclose any and all records responsive to Plaintiffs' FOIA Requests;

C. Maintain jurisdiction over this action until Defendants are in compliance with FOIA, the Administrative Procedure Act, and every order of this court;

D. Award Plaintiffs their costs and reasonable attorney fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other relief as the Court may deem just and proper.

Dated: April 23, 2026

Respectfully submitted,

By: ______________________________

Meghan McMeel
Kathryn Douglass
John E. McCarthy Jr.
Attorneys for Plaintiff(s) ASISTA IMMIGRATION ASSISTANCE, INC. and IMMIGRANT LEGAL RESOURCE CENTER