# EXHIBIT E

Crowell

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

November 12, 2024

Submitted Via Online FOIA Request System
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
uscis.foia@uscis.dhs.gov

**Freedom of Information Act Request**

To Whom it May Concern:

On behalf of ASISTA Immigration Assistance, Inc. ("ASISTA") and the Immigrant Legal Resource Center ("ILRC") (collectively, "Requestors"), please accept this letter as a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et. seq.*, for copies of public records maintained by the U.S. Citizenship and Immigration Services ("USCIS").

**Identity of Requestors**

ASISTA is a national nonprofit organization that works to advance and protect the rights of immigrant survivors of violence, especially those who have suffered gender-based violence inside the United States. ASISTA has worked with Congress to create and expand the opportunities to secure immigration status for survivors of domestic violence, sexual assault, and other crimes in the Violence Against Women Act and its subsequent reauthorizations. ASISTA serves as liaison between those who represent these survivors and the U.S. Department of Homeland Security. ASISTA also trains and provides technical support to local law enforcement officials, civil and criminal judges, domestic violence and sexual assault advocates, and legal services, nonprofit, *pro bono*, and private attorneys working with immigrant crime survivors, including with respect to U-Visa Petitions.

The ILRC is a national nonprofit organization that provides legal trainings, educational materials, and advocacy to advance immigrant rights. The ILRC is headquartered in California and also has offices in Washington, DC and Texas. The ILRC's mission is to work with and educate immigrants, community organizations, and the legal sector to continue to build a democratic society that values diversity and the rights of all people. Since its inception in 1979, the ILRC has provided technical assistance on hundreds of thousands of immigration law issues, trained thousands of advocates, and pro bono attorneys annually on immigration law, distributed thousands of practitioner guides, provided expertise to immigrant-led advocacy efforts across the country, and supported hundreds of immigration legal non-profit organizations in building their capacity. As experts in immigration law with deep connections to the communities impacted by these very same laws, the ILRC seeks to preserve and expand immigration policies to improve protections from deportation and access to immigration relief, including access to U visa relief for survivors of violence and crime.

**Background of Request**

Immigrant survivors of crime in the United States may be granted U visas or U nonimmigrant status if they can establish certain statutory and regulatory requirements. Among these is that the crime suffered be one "involving one or more" of the crimes in an enumerated statutory list, "or any similar activity in violation of Federal, State, or local criminal law." INA § 101(a)(15)(U)(iii). By regulation, the unlawful "similar activity" will constitute a "[q]ualifying crime or qualifying criminal activity" if "the nature and elements of the offense[] are substantially similar to the statutorily enumerated list of criminal activities." 8 CFR § 214.14(a)(9).

USCIS publishes a Policy Manual, which has multiple entries regarding its interpretation of the U visa statutes and regulations. However, there is no public-facing entry or provision explaining how USCIS analyzes whether a crime is "qualifying" for U visa purposes. There are also no known public-facing policy

memoranda or other guidance on the subject.

USCIS, through the Administrative Appeals Office ("AAO"), maintains a public repository of its unpublished, non-precedent decisions, including decisions on U visa applications. Reviewing these decisions reveals that USCIS has at least three different approaches to the "qualifying crime" eligibility requirement. The interpretation or analysis that is chosen in a given case can be outcome determinative.

Given the broad statutory and regulatory language, as well as adjudication patterns, it seems likely that USCIS has internal interpretations and guidance on analyzing if a "qualifying criminal activity" occurred. It would benefit applicants, the requestors, and the agency for these to be made public so that applicants can use them to guide their arguments and assembly of evidence, and ensure the statute reaches all who Congress intended to protect.

## Records Sought

In an effort to better serve member attorneys/representatives and educate the public, ASISTA and ILRC respectfully request copies of communications authored, disseminated, or received by supervisory immigration services officers, between September 1, 2019 and the date of the records search, in the course of reviewing an intended denial of Form I-918 regarding how to determine whether:

1. a crime underlying a Form I-918 Petition for U Nonimmigrant Status[1] "involve[es]" "qualifying criminal activity;"
2. a crime underlying a Form I-918 Petition for U Nonimmigrant Status satisfies the statutory criteria at INA § 101(a)(15)(U)(iii);
3. a crime underlying a Form I-918 Petition for U Nonimmigrant Status

[1] The term "Form I-918 Petition for U Nonimmigrant Status" as used in this request includes both the Form itself and the records and documents submitted with the form by the U visa applicant, including, but not limited to, the Form I-918 Supplement B, U Nonimmigrant Status Certification.

"involv[es]" activity that is "similar" or "substantially similar" to a "qualifying criminal activity;"[2]

4. a statute cited as underlying a Form I-918, Petition for U Nonimmigrant Status, constitutes a federal, state, or local jurisdiction's "statutory equivalent" of a "qualifying criminal activity;"
5. a "certifying agency"[3] "investigat[ed] or prosecut[ed]"[4] a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status, even where that qualifying criminal activity is not listed in any or all of the certifying agency's records as having been *formally* investigated, charged, prosecuted, or otherwise legally pursued;[5]
6. to use the approach described in Item 3 above instead of the approach described in Item 5 above, and vice versa; and
7. the agency should conclude that the detection of a "qualifying criminal activity" against a petitioner for U Nonimmigrant Status was merely "hypothetical" or would require the agency to "speculate" about what was detected or investigated.[6]

**Request for Notice of Exemptions,**
**Notice of Exclusions, and Preservation of the Record**

To the extent that you believe that any exemptions under 5 U.S.C. §§ 552(a)(8), (b)(1)-(9) may apply so as to justify the withholding of information, we request that we be provided with a comprehensive, itemized list indexing and explaining with specificity any and all applications of an exemption that you may invoke. 5 U. S. C.

[2] For reference, an example of a decision invoking the "substantially similar" standard is attached.

[3] As defined at 8 CFR § 214.14(a)(2).

[4] As defined at 8 CFR § 214.14(a)(5).

[5] A decision analyzing whether law enforcement investigated or prosecuted a qualifying crime is attached for reference.

[6] Examples of decisions invoking a hypothetical investigation and/or that the agency would have to speculate as to what crimes have been detected or charged are attached for reference.

§ 552(b); 6 CFR §§ 5.6(e)(2), (f); *see also Vaughn* v. *Rosen*, 484 F. 2d 820 (D.C. Cir. 1973). Please also describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

We request that partial disclosure of nonexempt information under 5 U. S. C. § 552(a)(8)(ii) be made to the maximum extent possible.[7]

To the extent that you believe that any exclusions under 5 U. S. C. §§ 552(c)(1)–(3) may apply so as to justify the withholding of information, we request a copy of the "administrative record of the process of invocation and approval of the exclusion by OIP" that is required to be maintained under 6 CFR § 5.6(g)(2) for the purposes of justifying the application of an exclusion.

Last, we request that you "preserve all correspondence pertaining" to this request, along with "copies of all requested records" for the purposes of administrative appeal and potential judicial review. 6 CFR § 5.9.

**Request for Fee Waiver**

Requestors ask that you waive all fees associated with this request. A waiver is warranted because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U. S. C.

[7] *See Stolt-Nielsen Transp. Grp., Ltd.* v. *U.S.*, 534 F. 3d 728, 734 (D.C. CIR. 2008) (rejecting agency's narrow disclosure, and declaring that information need not be "helpful to the requester [to require that] the government must disclose it"); *Antonelli* v. *BOP*, 623 F. Supp. 2d 55, 60 (D.D.C. 2009) (holding that declarant's statement that "no meaningful portion [of the withheld documents] could be released without destroying the integrity" of document "is not significantly probative" as to whether all segregable non-exempt material was disclosed); *Davin* v. *DOJ*, 60 F. 3d 1043, 1052 (3D CIR. 1995) (agency must demonstrate that it has disclosed all reasonably segregable material); *Bristol-Myers Co.* v. *FTC*, 424 F. 2d 935, 938 (D.C. CIR. 1970) (same); *Chesapeake Bay Found.* v. *U.S. Army Corps. of Eng'rs.*, 677 F. Supp. 2d 101, 109 (D.D.C. 2009) (same); *In Def. of Animals* v. *NIH*, 543 F. Supp. 2d 83, 107–08 (D.D.C. 2008) (same); *United Am. Fin., Inc.* v. *Potter*, 531 F. Supp. 2d 29, 44–45 (D.D.C. 2008) (same); *ACLU* v. *FBI*, 429 F. Supp. 2d 179, 193 (D.D.C. 2006) (same).

§ 552(a)(4)(A)(iii); *see also* 6 CFR § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).

**I. Disclosure of the information is in the public interest.**

The requested information directly concerns USCIS's implementation of the U visa program and disclosure of the requested information will contribute significantly to the public understanding of how the Department conducts its analysis of whether a crime can form the basis of a U visa application. Because the crimes that can form the basis of a U visa application become those for which noncitizens are most incentivized to cooperate and most likely to report, they consequently become those that can get most fully identified and prosecuted and those most likely to result in bringing the perpetrator to justice rather than permitting repeat offenses. Safety for immigrants, police, and entire communities are increased when the public understands clearly which crimes noncitizens will be incentivized to report. The more clearly the public, immigrants, and the legal profession understand which crimes these are, the better they can all participate in promoting the efficacy of the U visa program, advocating for its improvement if needed, and advancing safety and justice.

In addition, disclosure of the information will help the immigrant and legal communities improve the quality of applications they submit for U status. High quality applications will result in more meritorious claims being approved and better deliver on the Congressional intents for the program. Quality applications will also be more straightforward for the Department to review and decrease the need for costly rejections, repeat correspondence seeking additional information, and extensive devotion of personnel resources to pore over applications that, without such clarity, are currently submitted using guesswork as to whether certain criminal activity is "qualifying" and how to prove it to USCIS's satisfaction. Disclosure will therefore significantly enhance the public's understanding of USCIS's activities.

Finally, this information is in the public interest as it directly affects a large population of individuals, namely the more-than 354,000 people who have pending applications for U status as a principal or derivative, as well as the countless more who will seek such status in the future, and their thousands of representatives. 6 CFR § 5.11(k)(2)(iii) (stating that disclosure will contribute to the public understanding when it affects a "reasonably broad audience of persons interested in the subject"); USCIS, NUMBER OF FORM I-918 PETITIONS FOR U NONIMMIGRANT STATUS BY FISCAL YEAR, QUARTER, AND CASE STATUS FISCAL YEARS 2009-24 https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_fy2024_q1.xlsx (last visited Sep. 10, 2024).

ASISTA and ILRC have the capacity, intent, and demonstrated ability to disseminate the requested information to a broad cross-section of the public. ASISTA intends to publish the results of this FOIA request on its webpage, www.asistahelp.org, which already hosts information received from FOIA requests made to the Department, as well as a litany of information about U visa requirements, procedures, and adjudications. The website is available to the public at large for no fee at all, and exists solely to disseminate information relating to developments in immigration law and practice for survivors of crime and abuse. ASISTA and ILRC will also incorporate information from documents produced under this request into educational materials they author, such as practice advisories and guides, related written information, and webinars, which are available to the public at large through their respective websites in addition to their members. ASISTA and ILRC regularly conduct national trainings and disseminate information to the public on immigration issues, including survivors of violence. As such, ASISTA and ILRC have the ability to widely disseminate the requested information. *Judicial Watch* v. *Rossotti*, 326 F. 3d 1309, 1314 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

### II. Disclosure is not primarily in the commercial interest of the requestor.

ASISTA and ILRC seek the requested information for the purpose of disseminating it to attorneys and the general public and not for the purpose of commercial gain.

Given that the FOIA's fee waiver requirements are to "be liberally construed in favor of waivers for noncommercial requesters," a waiver of all fees is justified and warranted in this case. *Judicial Watch*, 326 F. 3d, at 1312 (finding a fee waiver appropriate when the requestor explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

## Final Points

Please note that the assessment of fees is generally prohibited when the FOIA's statutory time limits are not met. 5 U. S. C. § 552(a)(4)(A)(viii). A failure to comply with the FOIA's time limits also serves to constructively exhaust administrative remedies for purposes of judicial review. 5 U.S.C. § 552(a)(6)(C); *see also Nurse* v. *Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002).

Should you timely deny ASISTA's and ILRC's request for a fee waiver, please give timely notice of any determination or estimation that fees will exceed $25.00 in accordance with 6 CFR § 5.11(e).

Finally, ASISTA and ILRC request that any records be produced in a searchable PDF format.

Thank you for your time and assistance in this matter.

Sincerely,

/s/ *Kathryn Douglass*
Kathryn Douglass
John E. McCarthy Jr.
Amy Symonds
kdouglass@crowell.com

jmccarthy@crowell.com
asymonds@crowell.com
303-524-8654

Counsel for ASISTA and ILRC

Enclosures: Substantially Similar Example, Investigated or Prosecuted Example, Hypothetical or Detected Crime Example, Speculate on Crimes Example