# EXHIBIT M

Crowell

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

March 4, 2025

Via U.S. Mail
USCIS FOIA/PA Appeals Office
150 Space Center Loop, Ste. 500
Lee's Summit, MO 64064-2139

Via Email
Office of Principal Legal Advisor
Government Information Law Division
Immigration and Customs Enforcement
500 12th Street SW, Stop 5900
Washington, DC 20536-5900
GILDFOIAAPPEALS@ice.dhs.gov

**Re: Freedom of Information Act Appeal**

-ICE FOIA Case Number 2025-ICFO-09708
-USCIS Control Number: COW2024009127
-USCIS Control Number: COW2024007365

Dear FOIA Appeals Officers:

Pursuant to 6 C.F.R. § 5.8, ASISTA Immigration Assistance, Inc. ("ASISTA") and the Immigrant Legal Resource Center ("ILRC") (collectively, "Requestors"), appeal: 1) the response provided by the Immigration and Customs Enforcement ("ICE") dated December 11, 2024 (ICE FOIA Case Number 2025-ICFO-09708) referring Requestors' FOIA request to the U.S. Citizenship and Immigration Services' ("USCIS") ("ICE Referral"); 2) USCIS's response to the ICE referral dated December 20, 2024 (Control Number: COW2024009127) finding that it did not have records in response to Requestors' FOIA request ("USCIS December 20 Response"); and 3) USCIS's October 10, 2024 referral to ICE (Control Number COW2024007365)

("USCIS Referral").[1]

Specifically, in its December 20 Response, USCIS states that it conducted a search and the "Instructor Note for Slide 14 was found to be flat text with no attached link, document, or record associated with the note." Requestors timely appeal this determination because the agency's search in response to the request were inadequate. Requestors also appeal ICE's Referral because ICE similarly failed to conduct a reasonable search. Finally, Requestors appeal the USCIS and ICE referrals because both agencies referred Requestors' FOIA requests for the same material to the other for processing without conducting a search, leaving Requestors in limbo as to who will search for and provide a response. We respectfully request that both agencies work together if necessary to search for and provide the requested records to ASISTA and ILRC.

## Background

ASISTA and ILRC sent USCIS a FOIA request for the records referred to in USCIS training materials on October 4, 2024. Specifically, Requestors sought:

1. The records referred to in the Instructor note on Slide 14 in the "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility ("I-918/I-918A Instructor Guide"). Specifically, the Instructor note refers to "Federal Register handout Vol. 72 No 179" and "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."

2. The records referenced on Slide 16 of the I-918/I-918 Instructor Guide including, but not limited to, the full-size and, if applicable, interactive "U.S. Map with Resource Links." Slide 16 specifically states VSC ECN>Humanitarian Family 1>Reference Information.>US Map with

[1] ICE's December 11, 2024 Referral, USCIS's December 20, 2024 Response, and USCIS's October 10, 2024 Referral are attached for reference. *See* Attach. A, B, and C.

> resource links, and with the link, at that time, of https://ecn.uscis.dhs.gov/team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAccess.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20Information/US%20Map%20with%20resource%20links.vdw.[2]

USCIS responded to this request on October 10, 2024 (Control Numbers COW2024007364 and COW2024007365), stating that, as to the first request, (a) the "Federal Register handout Vol. 72 No. 179" is available online and providing a link; and, as relevant here, (b) the "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools" was not under USCIS's purview and that the request was referred to ICE for reply.[3] As to the second request, Requestors are still waiting for USCIS to provide the map referred to on slide 16, specifically the VSC ECN>Humanitarian Family 1>Reference Information.>US Map with resource links, and with the link, at that time, of https://ecn.uscis.dhs.gov/team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAccess.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20Information/US%20Map%20with%20resource%20links.vdw.

On November 22, 2024, Requestors contacted ICE's FOIA Office to inquire about the status of the portion of the request referred to ICE. ICE's FOIA Office informed ASISTA and ILRC that it did not have a record of the referral.[4] Thereafter, Requestors submitted their own request to ICE on December 9, 2024 seeking the same records USCIS referred on October 10, 2024.[5] Specifically, Requestors sought:

> A copy of the ICE records that are referred to in the Instructor note on Slide 14 in the I-918/I-918A Instructor Guide. Specifically, the Instructor note refers to "State Criminal Code Chart. ICE Tool. Ice

[2] Requestors' FOIA request to USCIS is attached hereto as Attachment D.

[3] See Attach. C (USCIS Referral).

[4] ICE has not yet responded to this referral.

[5] Requestors' FOIA request to ICE is attached hereto as Attachment E.

Intranet page. View Legal Tools."

ICE referred this request to USCIS on December 11, 2024.[6] USCIS responded to ICE's referral on December 20, 2024, denying the request and stating that:

> USCIS FOIA conducted a search of the "I-918/I-918A Instructor Guide | Revision: October 26, 2020." The Instructor Note for Slide 14 was found to be flat text with no attached link, document, or record associated with that note. USCIS FOIA has no further records to provide for the requested "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools." This completes our response to your request.[7]

**FOIA Appeal**

1. Appeal of USCIS's December 20 Response (Control Number COW2024009127).

Requestors appeal USCIS's denial of production of "State Criminal Code Chart. ICE Tool. ICE Intranet page. View Legal Tools." USCIS has a duty to conduct a reasonable search for responsive records.[8] Contrary to this mandate, USCIS's search was not "reasonably calculated to uncover all relevant documents."[9] Rather, USCIS's sole and limited search appears to have been to look at the I-918/I-918A Instructor Guide for a clickable link. Based on this inquiry alone, USCIS determined that Instructor Guide did not provide a link to the State Criminal Code Chart, ICE Tool.

But Requestors were not seeking the link to the State Criminal Code Chart, ICE Tool that appeared in the Instructor Guide, rather they sought the State

[6] See Attach. A (ICE Referral).

[7] See Attach. B (USCIS December 20 Response).

[8] *Oglesby v. Dep't of Army*, 920 F. 2d 57, 68 (D.C. Cir. 1990) (finding that agency cannot limit its search to one record system if others are likely to contain responsive records).

[9] *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985).

Criminal Code Chart, ICE Tool[10] "referred to" there, on a standalone basis. The Instructor Guide was provided to aid in understanding what records are sought, not as the only place to search. The request was made to USCIS because the training slide deck containing the slide referencing the materials was created and used by USCIS. Regardless of the *way* USCIS maintains or maintained access to the State Criminal Code Chart, ICE Tool (as a link or other way), it appears USCIS *somehow* maintains or maintained access, and thus should be able to locate and produce the materials upon a reasonable search.

A record search is found reasonable where, among other things, the search for the records is reasonably thorough to identify the requested document and by staff knowledgeable of the records.[11] Requestors hereby urge that USCIS conduct an adequate and reasonable search for the State Criminal Code Chart and provide it to Requestors.

2. Appeal of ICE's Referral (ICE FOIA Case Number 2025-ICFO-09708).

Requestors appeal the ICE Referral because ICE failed to conduct a reasonable search for the requested records. ICE has the same duty as USCIS to conduct a reasonable search for responsive records, as described directly above. It is possible the records are in ICE's purview given ICE's name appears in the description of the records. ICE has not yet conducted the reasonable search it is required to do.

3. Appeals of ICE's Referral (ICE FOIA Case Number 2025-ICFO-09708) and

[10] It is unclear if the requested "ICE Intranet Page. View Legal Tools" are actual records or a map to find records, but to the extent such materials are agency records, Requestors seek that information as well.

[11] *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 499-500 (S.D.N.Y. 2010) (concluding that a search done in relevant databases using various search terms was sufficient); *Elec. Priv. Info. Ctr. v. FBI*, No. 17-00121, 2018 WL 2324084, at *3 (D.D.C. 2018) (finding search adequate where agency searched location in which responsive records were stored with help of knowledgeable staff); *Concepcion v. U.S. Customs & Border Prot.*, 767 F. Supp. 2d 141, 146-47 (D.D.C. 2011) (finding the agency must search all files likely to contain responsive records and that agency did not demonstrate that it searched reasonable places or that it searched "any other potential sources but found no responsive records").

USCIS's Referral (Control Number: COW2024007365).

Finally, Requestors appeal ICE's referral to USCIS and USCIS's referral to ICE. Requestors have now asked for the same records from both ICE and USCIS and both agencies "referred" the request to the other for response. Either ICE or USCIS, or both, have control of the State Criminal Code Chart, ICE Tool, ICE Intranet Page, View Legal Tools. While agencies are permitted to refer documents for direct response to another agency,[12] such referral may not lead to "improper withholding."[13] Moreover, the agency to whom the request was directed retains the ultimate responsibility for ensuring the requested records are produced or otherwise defending the agency's action in court.[14] ICE and USCIS, therefore, have an obligation to search for records and ultimately respond to Requestors' FOIA requests, regardless of whether they referred the request to another agency.

ASISTA and ILRC respectfully request that, to the extent necessary, USCIS and ICE work together to respond to the FOIA requests.

For the foregoing reasons, Requestors ask that USCIS and ICE produce the records sought in the October 4 and December 9 FOIA requests.

In accordance with 5 U.S.C. § 552(a)(6)(A)(ii) and 6 C.F.R. § 5.8(d), we request a determination with respect to this appeal within the required 20 working

[12] Of particular note here, and distinct from the standard referral process where agencies refer documents or consult with other agencies prior to responding, ICE and USCIS "referred" the requests without searching for any documents.

[13] *Sussman v. U.S. Marshals Service.*, 494 F.3d 1106, 1118 (D.C. Cir. 2007).

[14] *See, e.g., Plunkett v. DOJ*, 202 F.Supp. 3d 59, 63 (D.D.C. 2016) (denying summary judgment because the agency failed to account for or adequately explain what happened to documents it referred to another agency)); *Hall v. CIA*, 668 F. Supp. 2d 172, 182 (D.D.C. 2010) (requiring agency to take "affirmative steps to ensure that its referrals are being processed" and that referrals constitute withholding where the "net effect is significantly to impair the requestor's ability to obtain the records or significantly to increase the amount of time she must wait to obtain them").

days of the receipt of this appeal. Thank you for your time and assistance in this matter.

Sincerely,

/s/ *Kathryn Douglass*
Kathryn Douglass
John E. McCarthy Jr.
Amy Symonds
kdouglass@crowell.com
jmccarthy@crowell.com
asymonds@crowell.com
303-524-8654

Counsel for ASISTA and ILRC

Enclosures

# Attachment A

**Douglass, Kathryn**

---

**From:** ice-foia@ice.dhs.gov <noreply@securerelease.us>
**Sent:** Wednesday, December 11, 2024 2:05 PM
**To:** Douglass, Kathryn
**Subject:** ICE FOIA 2025-ICFO-09708

12/11/2024

Kathryn Douglass
1601 Wewatta Street
Denver, Colorado 80202

RE: ICE FOIA Case Number 2025-ICFO-09708

Dear Requester:

This acknowledges receipt of your 12/9/2024, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for records pertaining to Slide 14 in the USCIS I-918/I-918A Instructor Guide. Your request was received in this office on 12/9/2024.

Upon initial review of your request, I have determined that the information you are seeking is under the purview of the U.S. Citizenship and Immigration Services (USCIS), a DHS component. Therefore, I am referring your request to the FOIA Officer for U.S. Citizenship and Immigration Services (USCIS) for processing and direct response to you. You may contact that office at National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010 or 1-800-375-5283. For any questions, you may contact USCIS via email at FOIAPAQuestions@uscis.dhs.gov.

Your request has been assigned reference number 2025-ICFO-09708. Please use this number in future correspondence. You may contact this office at (866) 633-1182. Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

# Attachment B

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship and Immigration Services

December 20, 2024

Control Number: COW2024009127

KATHRYN DOUGLASS
1601 WEWATTA ST
DENVER, CO 80202

Dear KATHRYN DOUGLASS:

We received ICE referral request 2025-ICFO-09708 in which you requested: "In an effort to better serve member attorneys/representatives and educate the public, ASISTA and ILRC respectfully request a copy of the ICE records that are referred to in the Instructor note on Slide 14 in the I-918/I-918A Instructor Guide. Specifically, the Instructor note refers to "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."

USCIS FOIA conducted a search of the "I-918/I918A Instructor Guide | Revision: October 26, 2020." The Instructor Note for Slide 14 was found to be flat text with no attached link, document, or record associated with that note. USCIS FOIA has no further records to provide for the requested "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools." This completes our response to your request.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal by mail to USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our USCIS FOIA Public Liaison at U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010, or by email at FOIAPAQuestions@uscis.dhs.gov.

A USCIS FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. USCIS FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency, and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our USCIS FOIA Public Liaison, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; email ogis@nara.gov; telephone 202-741-5770; toll free 877-684-6448; or facsimile 202-741-5769.

How to Submit Questions or Changes

Questions concerning this FOIA/PA request may be mailed to U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010 or emailed to FOIAPAQuestions@uscis.dhs.gov. All FOIA/PA related requests, including address changes, must be submitted in writing, and signed by the requester. Please include the control number listed above on all correspondence with this office. For more information regarding the USCIS FOIA Program, please visit uscis.gov/foia.

Sincerely,

James A Baxley
Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit

# Attachment C

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship and Immigration Services

October 10, 2024

Control Number: COW2024007365

Kathryn Douglass
1601 Wewatta Street
Ste. 815
Denver, CO 80802

Dear Kathryn Douglass:

Your request was received in this office on October 4, 2024 regarding: "1. Specifically, the Instructor note refers to "Federal Register handout Vol. 72 No 179" and "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."

2. The records referenced on Slide 16 of the I-918/I-918 Instructor Guide including, but not limited to, the full-size and, if applicable, interactive "U.S. Map with Resource Links." Slide 16 specifically states VSC ECN>Humanitarian Family l>Reference Information.>US Map with resource links, and with the link, at that time, of: https://ecn.uscis.dhs.gov/team/sco_vscNSC/AdjudicationsNAWA_T_U/_layouts/15NisioWebAcces s.aspx?id=/team/sco_vscNSC/Adjudications/VAWA_T_U/Reference%20In formation/US%20Map%20with%20resource%20links.vdw."

After assessing your request for "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools", we determined that the responsive records are not under the purview of USCIS. If such records exist, they would be maintained under the jurisdiction of the following government agency:

Immigration and Customs Enforcement

Freedom of Information Act Office
500 12th Street, SW, Stop 5009
WashingtonDC 20536-5009

For your convenience, we have forwarded your request to that agency for consideration and direct reply to you. For additional information relating to the Department of Homeland Security (DHS) and its components, we encourage you to visit the DHS website at the following address: www.dhs.gov.

Sincerely,

James A Baxley
Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit

# Attachment D

Crowell

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

October 4, 2024

Submitted Via Online FOIA Request System
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
uscis.foia@uscis.dhs.gov

**Freedom of Information Act Request**

To Whom it May Concern:

On behalf of ASISTA Immigration Assistance, Inc. ("ASISTA") and the Immigrant Legal Resource Center ("ILRC") (collectively, "Requestors"), please accept this letter as a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et. seq.*, for copies of public records maintained by the U.S. Citizenship and Immigration Services ("USCIS").

**Identity of Requestors**

ASISTA is a national nonprofit organization that works to advance and protect the rights of immigrant survivors of violence, especially those who have suffered gender-based violence inside the United States. ASISTA has worked with Congress to create and expand the opportunities to secure immigration status for survivors of domestic violence, sexual assault, and other crimes in the Violence Against Women Act and its subsequent reauthorizations. ASISTA serves as liaison between those who represent these survivors and the U.S. Department of Homeland Security. ASISTA also trains and provides technical support to local law enforcement officials, civil and criminal judges, domestic violence and sexual assault advocates, and legal services, nonprofit, *pro bono*, and private attorneys working with immigrant crime survivors, including with respect to U-Visa Petitions.

The ILRC is a national nonprofit organization that provides legal trainings,

educational materials, and advocacy to advance immigrant rights. The ILRC is headquartered in California and also has offices in Washington, DC and Texas. The ILRC's mission is to work with and educate immigrants, community organizations, and the legal sector to continue to build a democratic society that values diversity and the rights of all people. Since its inception in 1979, the ILRC has provided technical assistance on hundreds of thousands of immigration law issues, trained thousands of advocates, and pro bono attorneys annually on immigration law, distributed thousands of practitioner guides, provided expertise to immigrant-led advocacy efforts across the country, and supported hundreds of immigration legal non-profit organizations in building their capacity. As experts in immigration law with deep connections to the communities impacted by these very same laws, the ILRC seeks to preserve and expand immigration policies to improve protections from deportation and access to immigration relief, including access to U visa relief for survivors of violence and crime.

## Background of Request

Immigrant survivors of crime in the United States may be granted U visas or U nonimmigrant status if they can establish certain statutory and regulatory requirements. Among these is that the crime suffered be one "involving one or more" of the crimes in an enumerated statutory list, "or any similar activity in violation of Federal, State, or local criminal law." INA § 101(a)(15)(U)(iii). By regulation, the unlawful "similar activity" will constitute a "[q]ualifying crime or qualifying criminal activity" if "the nature and elements of the offense[] are substantially similar to the statutorily enumerated list of criminal activities." 8 CFR § 214.14(a)(9).

USCIS publishes a Policy Manual, which has multiple entries regarding its interpretation of the U visa statutes and regulations. However, there is no public-facing entry or provision explaining how USCIS analyzes whether a crime is "qualifying" for U visa purposes. There are also no known public-facing policy memoranda or other guidance on the subject.

USCIS, through the Administrative Appeals Office ("AAO"), maintains a public repository of its unpublished, non-precedent decisions, including decisions on U visa applications. Reviewing these decisions reveals that USCIS has at least three different approaches to the "qualifying crime" eligibility requirement. The interpretation or analysis that is chosen in a given case can be outcome determinative.

Given the broad statutory and regulatory language, as well as adjudication patterns, it seems likely that USCIS has internal interpretations and guidance on analyzing if a "qualifying criminal activity" occurred. It would benefit applicants, the requestors, and the agency for these to be made public so that applicants can use them to guide their arguments and assembly of evidence, and ensure the statute reaches all who Congress intended to protect.

**Records Sought**

In an effort to better serve member attorneys/representatives and educate the public, ASISTA and ILRC respectfully requests copies of:

1. The records referred to in the Instructor note on Slide 14 in the "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility ("I-918/I-918A Instructor Guide").[1] Specifically, the Instructor note refers to "Federal Register handout Vol. 72 No 179" and "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."
2. The records referenced on Slide 16 of the I-918/I-918 Instructor Guide including, but not limited to, the full-size and, if applicable, interactive "U.S. Map with Resource Links." Slide 16 specifically states VSC ECN>Humanitarian Family 1>Reference Information.>US Map with resource links, and with the link, at that time, of

[1] An excerpt from the I-918/I-918A Instructor Guide is attached to this request for reference.

"https://ecn.uscis.dhs.gov/
team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAcces
s.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20In
formation/US%20Map%20with%20resource%20links.vdw,"

**Request for Notice of Exemptions,**
**Notice of Exclusions, and Preservation of the Record**

To the extent that you believe that any exemptions under 5 U.S.C. §§ 552(a)(8), (b)(1)-(9) may apply so as to justify the withholding of information, we request that we be provided with a comprehensive, itemized list indexing and explaining with specificity any and all applications of an exemption that you may invoke. 5 U. S. C. § 552(b); 6 CFR §§ 5.6(e)(2), (f); *see also Vaughn* v. *Rosen*, 484 F. 2d 820 (D.C. Cir. 1973). Please also describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

We request that partial disclosure of nonexempt information under 5 U. S. C. § 552(a)(8)(ii) be made to the maximum extent possible.[2]

To the extent that you believe that any exclusions under 5 U. S. C. §§ 552(c)(1)–(3) may apply so as to justify the withholding of information, we request a copy of the "administrative record of the process of invocation and approval of the exclusion by OIP" that is required to be maintained under 6 CFR § 5.6(g)(2) for the purposes of

---

[2] *See Stolt-Nielsen Transp. Grp., Ltd.* v. *U.S.*, 534 F. 3d 728, 734 (D.C. Cir. 2008) (rejecting agency's narrow disclosure, and declaring that information need not be "helpful to the requester [to require that] the government must disclose it"); *Antonelli* v. *BOP*, 623 F. Supp. 2d 55, 60 (D.D.C. 2009) (holding that declarant's statement that "no meaningful portion [of the withheld documents] could be released without destroying the integrity" of document "is not significantly probative" as to whether all segregable non-exempt material was disclosed); *Davin* v. *DOJ*, 60 F. 3d 1043, 1052 (3d Cir. 1995) (agency must demonstrate that it has disclosed all reasonably segregable material); *Bristol-Myers Co.* v. *FTC*, 424 F. 2d 935, 938 (D.C. Cir. 1970) (same); *Chesapeake Bay Found.* v. *U.S. Army Corps. of Eng'rs.*, 677 F. Supp. 2d 101, 109 (D.D.C. 2009) (same); *In Def. of Animals* v. *NIH*, 543 F. Supp. 2d 83, 107–08 (D.D.C. 2008) (same); *United Am. Fin., Inc.* v. *Potter*, 531 F. Supp. 2d 29, 44–45 (D.D.C. 2008) (same); *ACLU* v. *FBI*, 429 F. Supp. 2d 179, 193 (D.D.C. 2006) (same).

justifying the application of an exclusion.

Last, we request that you "preserve all correspondence pertaining" to this request, along with "copies of all requested records" for the purposes of administrative appeal and potential judicial review. 6 CFR § 5.9.

## Request for Fee Waiver

Requestors ask that you waive all fees associated with this request. A waiver is warranted because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U. S. C. § 552(a)(4)(A)(iii); *see also* 6 CFR § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).

### I. Disclosure of the information is in the public interest.

The requested information directly concerns USCIS's implementation of the U visa program and disclosure of the requested information will contribute significantly to the public understanding of how the Department conducts its analysis of whether a crime can form the basis of a U visa application. Disclosure of the requested information will contribute significantly to the public understanding of how the Department conducts its analysis of whether a crime can form the basis of a U visa application. Because the crimes that can form the basis of a U visa application become those for which noncitizens are most incentivized to cooperate and most likely to report, they consequently become those that can get most fully identified and prosecuted and those most likely to result in bringing the perpetrator to justice rather than permitting repeat offenses. Safety for immigrants, police, and entire communities are increased when the public understands clearly which crimes noncitizens will be incentivized to report. The more clearly the public, immigrants, and the legal profession understand which crimes these are, the better they can all

participate in promoting the efficacy of the U visa program, advocating for its improvement if needed, and advancing safety and justice.

In addition, disclosure of the information will help the immigrant and legal communities improve the quality of applications they submit for U status. High quality applications will result in more meritorious claims being approved and better deliver on the Congressional intents for the program. Quality applications will also be more straightforward for the Department to review and decrease the need for costly rejections, repeat correspondence seeking additional information, and extensive devotion of personnel resources to pore over applications that, without such clarity, are currently submitted using guesswork as to whether a certain crime is a qualifying basis and how to prove it to USCIS's satisfaction. Disclosure will therefore significantly enhance the public's understanding of USCIS's activities.

Finally, this information is in the public interest as it directly affects a large population of individuals, namely the more-than 354,000 people who have pending applications for U status as a principal or derivative, as well as the countless more who will seek such status in the future, and their thousands of representatives. 6 CFR § 5.11(k)(2)(iii) (stating that disclosure will contribute to the public understanding when it affects a "reasonably broad audience of persons interested in the subject"); USCIS, NUMBER OF FORM I-918 PETITIONS FOR U NONIMMIGRANT STATUS BY FISCAL YEAR, QUARTER, AND CASE STATUS FISCAL YEARS 2009-24 https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_fy2024_q1.xlsx (last visited Sep. 10, 2024).

ASISTA and ILRC have the capacity, intent, and demonstrated ability to disseminate the requested information to a broad cross-section of the public. ASISTA intends to publish the results of this FOIA request on its webpage, www.asistahelp.org, which already hosts information received from FOIA requests made to the Department, as well as a litany of information about U visa requirements, procedures, and adjudications. The website is available to the public

at large for no fee at all, and exists solely to disseminate information relating to developments in immigration law and practice for survivors of crime and abuse. ASISTA and ILRC will also incorporate information from documents produced under this request into educational materials they author, such as practice advisories and guides, related written information, and webinars, which are available to the public at large through their respective websites in addition to their members. ASISTA and ILRC regularly conduct national trainings and disseminate information to the public on immigration issues, including survivors of violence. As such, ASISTA and ILRC have the ability to widely disseminate the requested information. *Judicial Watch* v. *Rossotti*, 326 F. 3d 1309, 1314 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

**II. Disclosure is not primarily in the commercial interest of the requestor.**

ASISTA and ILRC seek the requested information primarily for the purpose of disseminating it to attorneys and the general public and not for the purpose of commercial gain.

Given that the FOIA's fee waiver requirements are to "be liberally construed in favor of waivers for noncommercial requesters," a waiver of all fees is justified and warranted in this case. *Judicial Watch*, 326 F. 3d, at 1312 (finding a fee waiver appropriate when the requestor explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

**Final Points**

Please note that the assessment of fees is generally prohibited when the FOIA's statutory time limits are not met. 5 U. S. C. § 552(a)(4)(A)(viii). A failure to comply with the FOIA's time limits also serves to constructively exhaust administrative remedies for purposes of judicial review. § 552(a)(6)(C); *see also Nurse* v. *Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002).

Should you timely deny ASISTA's and ILRC's request for a fee waiver, please give timely notice of any determination or estimation that fees will exceed $25.00 in accordance with 6 CFR § 5.11(e).

Finally, ASISTA and ILRC request that any records be produced in a searchable PDF format.

Thank you for your time and assistance in this matter.

Sincerely,

/s/ *Kathryn Douglass*
Kathryn Douglass
John E. McCarthy Jr.
Amy Symonds
kdouglass@crowell.com
jmccarthy@crowell.com
asymonds@crowell.com
303-524-8654

Counsel for ASISTA and ILRC

Enclosure: Excerpt from the "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility."

10



**Qualifying Criminal Activity**

Defined at 8 CFR § 214.14(a)(9): Involves one or more of the following or any similar activity in violation of Federal, State, or local criminal law:

| | |
|---|---|
| Rape | Involuntary servitude |
| Torture | Slave trade |
| Trafficking | Kidnapping |
| Incest | Unlawful criminal restraint |
| Domestic violence | False imprisonment |
| Sexual assault | Blackmail |
| Abusive sexual conduct | Extortion |

*Includes attempts, conspiracy, or solicitation to commit any of the above acts.*

---

11



**Qualifying Criminal Activity, continued**

| | |
|---|---|
| Prostitution | Manslaughter |
| Sexual exploitation | Murder |
| Female genital mutilation | Felonious assault |
| Being held hostage | Witness tampering |
| Peonage | Obstruction of justice |
| ***Stalking** | Perjury |
| ***Fraud in Foreign Labor** | |

***Added in 2013 VAWA Reauthorization Act***

---

12



**Qualifying Criminal Activity, continued**

- Not always a felony level crime. *It's the elements of the crime that will lead you to determine qualificattions.*
- Does not require a conviction or even prosecution.
- Must be more than just a report for the sake of a report.
- Petitioner cannot refuse prosecution or arrest. *You will see cases where the victim wants the perpetrator taken away, but not prosecuted. If the victim refuses prosecution or arrest, this is seen as taking away from their helpfulness.*

---

13



**Qualifying Criminal Activity, continued**

List of criminal activity is a list of the kinds of activities rather than a list of specific statutory violations

**"Similar activity"** –

- Nature and elements of the offenses are substantially similar to the statutory list of criminal activities
- Alien must provide evidence demonstrating how the criminal activity of which he/she is a victim is substantially similar to one of the listed crimes.

Examples:

- Harassment
- California - Robbery (Penal Code 211) – substantially similar to felonious assault if a weapon was involved.

---

14



**Qualifying Criminal Activity, continued**

Similar Activity Example: Domestic Violence

- Represents a variety of criminal acts that can constitute domestic violence.
- Does not have to be in the domestic violence context.
- Not an exclusionary list; statute provides general categories of criminal activity. *Not many states actually have a domestic violence statute. They may have assault, battery, or other similar charges. We must further examine the crime and see if it meets our definition of domestic violence.*
- May occur during the commission of non-qualifying criminal activity. *Robbery is not a qualifying criminal activity. However, if a gun comes into play, it may turn into felonious assult, which may qualify. It's going to come to the nature and element of the crime. If no penal code, what is checked on Part 3 and what evidence in the file helps to substantiate this.*

**INSTRUCTOR:** Refer to Federal Register handout Vol 72 No 179. Guide trainees to State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools.

---

15



**Qualifying Criminal Activity, continued**

Making a Determination of Similar Activity:

- Name of the crime does not need to match.
- Need to read essential elements of specific certified crime.
- Often "Domestic Violence" is named something other than domestic assault. *You may see disorderly conduct, assault or others that could qualify as domestic assault.*
- Look up exact text of criminal law on certification:
    1. Locate state criminal statutes using: http://www.findlaw.com/casecode/ INSTRUCTOR: Ask the trainees to access this website and try a website search on a hit word.
    2. Consider reliability of source. Use official government websites for statutes when possible.
    3. May also use search engines (Google, Ask.com).

---

16



**U.S. Map with Resource Links**

VSC ECN>Humanitarian Family 1>Reference Information.>US Map with resource links

Link to page:

https://ecn.uscis.dhs.gov/team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAccess/VisioWebAccess.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20Information/US%20Map%20with%20resource%20links.vdw

---

17



**Exercise**

Scenario:

- Certification does not contain the name of the crime.
- Certification provides only the crime citation:
    - Texas Penal Code 22.02(a)(2)

1. What is the crime?
2. Does it qualify?

---

18



**Answers**

✔ Texas Statutes: 22.02(a)(2)

§ 22.02. AGGRAVATED ASSAULT. (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

(2) uses or exhibits a deadly weapon during the commission of the assault.

✔ Crime qualifies

# Attachment E

Crowell

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

December 9, 2024

Submitted Via Online FOIA Request System

U.S. Immigration & Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, DC 20536-5009
ICE-FOIA@dhs.gov

**Freedom of Information Act Request**

To Whom it May Concern:

On behalf of ASISTA Immigration Assistance, Inc. ("ASISTA") and the Immigrant Legal Resource Center ("ILRC") (collectively, "Requestors"), please accept this letter as a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et. seq.*, for copies of public records maintained by U.S. Immigration and Customs Enforcement ("ICE").

**Identity of Requestors**

ASISTA is a national nonprofit organization that works to advance and protect the rights of immigrant survivors of violence, especially those who have suffered gender-based violence inside the United States. ASISTA has worked with Congress to create and expand the opportunities to secure immigration status for survivors of domestic violence, sexual assault, and other crimes in the Violence Against Women Act and its subsequent reauthorizations. ASISTA serves as liaison between those who represent these survivors and the U.S. Department of Homeland Security. ASISTA also trains and provides technical support to local law enforcement officials, civil and criminal judges, domestic violence and sexual assault advocates, and legal services, nonprofit, *pro bono*, and private attorneys working with immigrant crime survivors, including with respect to U-Visa Petitions.

The ILRC is a national nonprofit organization that provides legal trainings, educational materials, and advocacy to advance immigrant rights. The ILRC is headquartered in California and also has offices in Washington, DC and Texas. The ILRC's mission is to work with and educate immigrants, community organizations, and the legal sector to continue to build a democratic society that values diversity and the rights of all people. Since its inception in 1979, the ILRC has provided technical assistance on hundreds of thousands of immigration law issues, trained thousands of advocates, and pro bono attorneys annually on immigration law, distributed thousands of practitioner guides, provided expertise to immigrant-led advocacy efforts across the country, and supported hundreds of immigration legal non-profit organizations in building their capacity. As experts in immigration law with deep connections to the communities impacted by these very same laws, the ILRC seeks to preserve and expand immigration policies to improve protections from deportation and access to immigration relief, including access to U visa relief for survivors of violence and crime.

## Background of Request

Immigrant survivors of crime in the United States may be granted U visas or U nonimmigrant status if they can establish certain statutory and regulatory requirements. Among these is that the crime suffered be one "involving one or more" of the crimes in an enumerated statutory list, "or any similar activity in violation of Federal, State, or local criminal law." INA § 101(a)(15)(U)(iii). By regulation, the unlawful "similar activity" will constitute a "[q]ualifying crime or qualifying criminal activity" if "the nature and elements of the offense[] are substantially similar to the statutorily enumerated list of criminal activities." 8 CFR § 214.14(a)(9).

U.S. Citizenship and Immigration Services ("USCIS") publishes a Policy Manual, which has multiple entries regarding its interpretation of the U visa statutes and regulations. However, there is no public-facing entry or provision explaining how USCIS analyzes whether a crime is "qualifying" for U visa purposes. There are also

no known public-facing policy memoranda or other guidance on the subject.

USCIS, through the Administrative Appeals Office ("AAO"), maintains a public repository of its unpublished, non-precedent decisions, including decisions on U visa applications. Reviewing these decisions reveals that USCIS has at least three different approaches to the "qualifying crime" eligibility requirement. The interpretation or analysis that is chosen in a given case can be outcome determinative.

Given the broad statutory and regulatory language, as well as adjudication patterns, it seems likely that USCIS has internal interpretations and guidance on analyzing if a "qualifying criminal activity" occurred. Certain USCIS training materials appear to reference ICE records. The Instructor note on Slide 14 of USCIS's "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility ("I-918/I-918A Instructor Guide") references an "ICE Tool" and the "Ice Intranet page."[1] It would benefit applicants, the requestors, and the these to be made public so that applicants can use them to guide their arguments and assembly of evidence, and ensure the statute reaches all who Congress intended to protect.

ASISTA and ILRC sent USCIS a FOIA request for the materials referenced in the Instructor note on Slide 14 of the I-918/I-918A Instructor Guide on October 4, 2024. On October 10, 2024, USCIS responded that it had "determined that the responsive records are not under the purview of USCIS. If such records exist, they would be maintained under the jurisdiction of . . . Immigration and Customs Enforcement" and noted that it had "forwarded [ASISTA's and ILRC's] request to that agency for consideration and direct reply to" ASISTA and ILRC. Requestors have since contacted ICE's FOIA Office to inquire about the status of the referral. ICE's FOIA Office informed Requestors that it did not have a record of the referral.

[1] An excerpt from the I-918/I-918A Instructor Guide is attached to this request for reference.

## Records Sought

In an effort to better serve member attorneys/representatives and educate the public, ASISTA and ILRC respectfully request a copy of the ICE records that are referred to in the Instructor note on Slide 14 in the I-918/I-918A Instructor Guide.[2] Specifically, the Instructor note refers to "State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools."

## Request for Notice of Exemptions, Notice of Exclusions, and Preservation of the Record

To the extent that you believe that any exemptions under 5 U.S.C. §§ 552(a)(8), (b)(1)-(9) may apply so as to justify the withholding of information, we request that we be provided with a comprehensive, itemized list indexing and explaining with specificity any and all applications of an exemption that you may invoke. 5 U. S. C. § 552(b); 6 CFR §§ 5.6(e)(2), (f); *see also Vaughn* v. *Rosen*, 484 F. 2d 820 (D.C. Cir. 1973). Please also describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

We request that partial disclosure of nonexempt information under 5 U. S. C. § 552(a)(8)(ii) be made to the maximum extent possible.[3]

To the extent that you believe that any exclusions under 5 U. S. C. §§ 552(c)(1)–

---

[2] An excerpt from the I-918/I-918A Instructor Guide is attached to this request for reference.

[3] *See Stolt-Nielsen Transp. Grp., Ltd.* v. *U.S.*, 534 F. 3d 728, 734 (D.C. Cir. 2008) (rejecting agency's narrow disclosure, and declaring that information need not be "helpful to the requester [to require that] the government must disclose it"); *Antonelli* v. *BOP*, 623 F. Supp. 2d 55, 60 (D.D.C. 2009) (holding that declarant's statement that "no meaningful portion [of the withheld documents] could be released without destroying the integrity" of document "is not significantly probative" as to whether all segregable non-exempt material was disclosed); *Davin* v. *DOJ*, 60 F. 3d 1043, 1052 (3d Cir. 1995) (agency must demonstrate that it has disclosed all reasonably segregable material); *Bristol-Myers Co.* v. *FTC*, 424 F. 2d 935, 938 (D.C. Cir. 1970) (same); *Chesapeake Bay Found.* v. *U.S. Army Corps. of Eng'rs.*, 677 F. Supp. 2d 101, 109 (D.D.C. 2009) (same); *In Def. of Animals* v. *NIH*, 543 F. Supp. 2d 83, 107–08 (D.D.C. 2008) (same); *United Am. Fin., Inc.* v. *Potter*, 531 F. Supp. 2d 29, 44–45 (D.D.C. 2008) (same); *ACLU* v. *FBI*, 429 F. Supp. 2d 179, 193 (D.D.C. 2006) (same).

(3) may apply so as to justify the withholding of information, we request a copy of the "administrative record of the process of invocation and approval of the exclusion by OIP" that is required to be maintained under 6 CFR § 5.6(g)(2) for the purposes of justifying the application of an exclusion.

Last, we request that you "preserve all correspondence pertaining" to this request, along with "copies of all requested records" for the purposes of administrative appeal and potential judicial review. 6 CFR § 5.9.

## Request for Fee Waiver

Requestors ask that you waive all fees associated with this request. A waiver is warranted because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 CFR § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).

### I. Disclosure of the information is in the public interest.

The requested information directly concerns USCIS's implementation of the U visa program and disclosure of the requested information will contribute significantly to the public understanding of how the Department conducts its analysis of whether a crime can form the basis of a U visa application. Disclosure of the requested information will contribute significantly to the public understanding of how the Department conducts its analysis of whether a crime can form the basis of a U visa application. Because the crimes that can form the basis of a U visa application become those for which noncitizens are most incentivized to cooperate and most likely to report, they consequently become those that can get most fully identified and prosecuted and those most likely to result in bringing the perpetrator to justice rather than permitting repeat offenses. Safety for immigrants, police, and entire

communities are increased when the public understands clearly which crimes noncitizens will be incentivized to report. The more clearly the public, immigrants, and the legal profession understand which crimes these are, the better they can all participate in promoting the efficacy of the U visa program, advocating for its improvement if needed, and advancing safety and justice.

In addition, disclosure of the information will help the immigrant and legal communities improve the quality of applications they submit for U status. High quality applications will result in more meritorious claims being approved and better deliver on the Congressional intents for the program. Quality applications will also be more straightforward for the Department to review and decrease the need for costly rejections, repeat correspondence seeking additional information, and extensive devotion of personnel resources to pore over applications that, without such clarity, are currently submitted using guesswork as to whether a certain crime is a qualifying basis and how to prove it to USCIS's satisfaction. Disclosure will therefore significantly enhance the public's understanding of the Department's activities.

Finally, this information is in the public interest as it directly affects a large population of individuals, namely the more-than 354,000 people who have pending applications for U status as a principal or derivative, as well as the countless more who will seek such status in the future, and their thousands of representatives. 6 CFR § 5.11(k)(2)(iii) (stating that disclosure will contribute to the public understanding when it affects a "reasonably broad audience of persons interested in the subject"); USCIS, NUMBER OF FORM I-918 PETITIONS FOR U NONIMMIGRANT STATUS BY FISCAL YEAR, QUARTER, AND CASE STATUS FISCAL YEARS 2009-24 https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_fy2024_q1.xlsx (last visited Sep. 10, 2024).

ASISTA and ILRC have the capacity, intent, and demonstrated ability to disseminate the requested information to a broad cross-section of the public. ASISTA intends to publish the results of this FOIA request on its webpage,

www.asistahelp.org, which already hosts information received from FOIA requests made to the Department, as well as a litany of information about U visa requirements, procedures, and adjudications. The website is available to the public at large for no fee at all, and exists solely to disseminate information relating to developments in immigration law and practice for survivors of crime and abuse. ASISTA and ILRC will also incorporate information from documents produced under this request into educational materials they author, such as practice advisories and guides, related written information, and webinars, which are available to the public at large through their respective websites in addition to their members. ASISTA and ILRC regularly conduct national trainings and disseminate information to the public on immigration issues, including survivors of violence. As such, ASISTA and ILRC have the ability to widely disseminate the requested information. *Judicial Watch* v. *Rossotti*, 326 F. 3d 1309, 1314 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

**II. Disclosure is not primarily in the commercial interest of the requestor.**

ASISTA and ILRC seek the requested information primarily for the purpose of disseminating it to attorneys and the general public and not for the purpose of commercial gain.

Given that the FOIA's fee waiver requirements are to "be liberally construed in favor of waivers for noncommercial requesters," a waiver of all fees is justified and warranted in this case. *Judicial Watch*, 326 F. 3d, at 1312 (finding a fee waiver appropriate when the requestor explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

**<u>Final Points</u>**

Please note that the assessment of fees is generally prohibited when the FOIA's statutory time limits are not met. 5 U. S. C. § 552(a)(4)(A)(viii). A failure to comply

with the FOIA's time limits also serves to constructively exhaust administrative remedies for purposes of judicial review. § 552(a)(6)(C); *see also Nurse* v. *Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002).

Should you timely deny ASISTA's and ILRC's request for a fee waiver, please give timely notice of any determination or estimation that fees will exceed $25.00 in accordance with 6 CFR § 5.11(e).

Finally, ASISTA and ILRC request that any records be produced in a searchable PDF format.

Thank you for your time and assistance in this matter.

Sincerely,

/s/ *Kathryn Douglass*
Kathryn Douglass
John E. McCarthy Jr.
Amy Symonds
kdouglass@crowell.com
jmccarthy@crowell.com
asymonds@crowell.com
303-524-8654

Counsel for ASISTA and ILRC

Enclosure: Excerpt from the "I-918/I-918A Instructor Guide | Revision: October 26, 2020" at I-918 Form Type Training, M03: Eligibility."

10



**Qualifying Criminal Activity**

Defined at 8 CFR § 214.14(a)(9): Involves one or more of the following or any similar activity in violation of Federal, State, or local criminal law:

| | |
|---|---|
| Rape | Involuntary servitude |
| Torture | Slave trade |
| Trafficking | Kidnapping |
| Incest | Unlawful criminal restraint |
| Domestic violence | False imprisonment |
| Sexual assault | Blackmail |
| Abusive sexual conduct | Extortion |

*Includes attempts, conspiracy, or solicitation to commit any of the above acts.*

---

11



**Qualifying Criminal Activity, continued**

| | |
|---|---|
| Prostitution | Manslaughter |
| Sexual exploitation | Murder |
| Female genital mutilation | Felonious assault |
| Being held hostage | Witness tampering |
| Peonage | Obstruction of justice |
| ***Stalking** | Perjury |
| ***Fraud in Foreign Labor** | |

***Added in 2013 VAWA Reauthorization Act***

---

12



**Qualifying Criminal Activity, continued**

- Not always a felony level crime. *It's the elements of the crime that will lead you to determine qualificattions.*
- Does not require a conviction or even prosecution.
- Must be more than just a report for the sake of a report.
- Petitioner cannot refuse prosecution or arrest. *You will see cases where the victim wants the perpetrator taken away, but not prosecuted. If the victim refuses prosecution or arrest, this is seen as taking away from their helpfulness.*

---

13



**Qualifying Criminal Activity, continued**

List of criminal activity is a list of the kinds of activities rather than a list of specific statutory violations

**"Similar activity"** –

- Nature and elements of the offenses are substantially similar to the statutory list of criminal activities
- Alien must provide evidence demonstrating how the criminal activity of which he/she is a victim is substantially similar to one of the listed crimes.

Examples:

- Harassment
- California - Robbery (Penal Code 211) – substantially similar to felonious assault if a weapon was involved.

---

14



**Qualifying Criminal Activity, continued**

Similar Activity Example: Domestic Violence

- Represents a variety of criminal acts that can constitute domestic violence.
- Does not have to be in the domestic violence context.
- Not an exclusionary list; statute provides general categories of criminal activity. *Not many states actually have a domestic violence statute. They may have assault, battery, or other similar charges. We must further examine the crime and see if it meets our definition of domestic violence.*
- May occur during the commission of non-qualifying criminal activity. *Robbery is not a qualifying criminal activity. However, if a gun comes into play, it may turn into felonious assult, which may qualify. It's going to come to the nature and element of the crime. If no penal code, what is checked on Part 3 and what evidence in the file helps to substantiate this.*

**INSTRUCTOR:** Refer to Federal Register handout Vol 72 No 179. Guide trainees to State Criminal Code Chart. ICE Tool. Ice Intranet page. View Legal Tools.

---

15



**Qualifying Criminal Activity, continued**

Making a Determination of Similar Activity:

- Name of the crime does not need to match.
- Need to read essential elements of specific certified crime.
- Often "Domestic Violence" is named something other than domestic assault. *You may see disorderly conduct, assault or others that could qualify as domestic assault.*
- Look up exact text of criminal law on certification:
    1. Locate state criminal statutes using: http://www.findlaw.com/casecode/ INSTRUCTOR: Ask the trainees to access this website and try a website search on a hit word.
    2. Consider reliability of source. Use official government websites for statutes when possible.
    3. May also use search engines (Google, Ask.com).

---

16



**U.S. Map with Resource Links**

VSC ECN>Humanitarian Family 1>Reference Information.>US Map with resource links

Link to page:

https://ecn.uscis.dhs.gov/team/sco_vsc/VSC/Adjudications/VAWA_T_U/_layouts/15/VisioWebAccess/VisioWebAccess.aspx?id=/team/sco_vsc/VSC/Adjudications/VAWA_T_U/Reference%20Information/US%20Map%20with%20resource%20links.vdw

---

17



**Exercise**

Scenario:

- Certification does not contain the name of the crime.
- Certification provides only the crime citation:
    - Texas Penal Code 22.02(a)(2)

1. What is the crime?
2. Does it qualify?

---

18



**Answers**

✔ Texas Statutes: 22.02(a)(2)

§ 22.02. AGGRAVATED ASSAULT. (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

(2) uses or exhibits a deadly weapon during the commission of the assault.

✔ Crime qualifies